IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

EAST TENNESSEE NATURAL GAS CO., )
                                )
        Plaintiff,              )        Case No. 4:02-cv-00145
                                )
v.                              )        ORDER
                                )
.60 ACRES IN PATRICK COUNTY,    )        By: Jackson L. Kiser
VIRGINIA, ET. AL.,              )        United States District Court
                                )
        Defendants.             )

Before me are three *Motions in Limine* filed by Plaintiff.

(1) *Plaintiff's Motion in Limine to Exclude Reference to Wytheville Accident and Fire*

[64] is hereby **GRANTED** because the minimal probative value of such a reference is

substantially outweighed by its potentially prejudicial effect. *See,* Fed. R. Evid. 403. The

Wytheville accident occurred in an above-ground metering station in which three pipelines from

three different companies intersected. The pipeline in these cases is a single, underground

transmission pipeline, which is completely different in character from the Wytheville metering

facility. The Wytheville accident has minimal value in determining the value of land taken for

the Plaintiff's pipeline, and the potentially prejudicial effect of allowing reference to the accident

substantially outweighs its probative value;

(2) *Plaintiff's Motion For an Order in Limine Excluding Certain Testimony of Johnny*

*Lambert* [68] is hereby **GRANTED** insofar as Defendants may not offer expert opinion on the

value of the land in this case. Expert testimony is admissible if it is based upon sufficient facts

or data and if it is the product of reliable principles and methods. *See*, Fed. R. Evid. 702. Mr.

Lambert has had discussions with potential land purchasers regarding land with and without the

-1-

pipeline, and may have based an opinion about land value on those discussions.  However, Mr.

Lambert has not applied reliable principles and methods (e.g. comparable sales analysis) in

arriving at any opinion that he may have on the value of affected properties.  Therefore, I find

that Mr. Lambert's opinion as to the value of land is not sufficiently reliable.  Mr. Lambert may,

however, testify as to the personal knowledge he gained from his conversations with prospective

purchasers as to the detrimental effect of the pipeline;

     (3)  *Plaintiff's Motion in Limine to Exclude Reference to Any Liens Filed Against*

*Defendants' Property and Potential For Another Pipeline* [66] is hereby **GRANTED**. Reference

to liens filed against Defendants' property would likely result in the trying of collateral issues

and the probative value of such reference would likely be outweighed by its prejudicial value.

Reference to the potential placement of another pipeline is inappropriate because it is entirely

speculative and would require authorizations and land condemnations beyond those that have

occurred in this case.

     The Clerk is directed to send certified copies of this Order to all counsel of record.

     Entered this 22nd day of September, 2005.

s/Jackson L. Kiser
Senior United States District Judge

-2-